UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES J. MULLEN and
JENNIFER A. MULLEN,

             Plaintiffs,

v.                                               Civil Action No._____

KATHLEEN E. NOLAN and
POLLACK, COOPERMAN &
FISHER, P.C.,

             Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. INTRODUCTION

1.)    This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2.)    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

III. PARTIES

3.)    Plaintiffs, James J. Mullen and Jennifer A. Mullen are natural persons residing in the Town of Cheektowaga, County of Erie, and State of New York.

4.)    Defendant, Pollack, Cooperman & Fisher, P.C. is a New York professional corporation practicing law in the State of New York. Said defendant is engaged in the business of collecting debts in the State of New York with its principal place of business located at 5372 Merrick, Massapequa, New York. The defendant regularly attempts to collect debts alleged to be due another.

5.)    Defendant Kathleen E. Nolan is an attorney licensed to practice law in the State of New York. Said Defendant is engaged in the business of collecting debts in the State of New York with her principal place of business located at 5372 Merrick, Massapequa, New York. The Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6.) On November 24, 2003 the Plaintiffs filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court, Western District of New York, Case Number 03-18753.

7.) Countrywide Home Loans, Inc. was listed as a secured creditor on Schedule D of the debtors petition by virtue of the note and mortgage the held secured by the Plaintiffs' real property located at 195 Henderson Avenue, Tonawanda, New York (hereinafter referred to as "195 Henderson").

8.) On or about April 5, 2004, Countrywide Home Loans, Inc. filed a Motion for Relief from Stay provided for by 11 U.S.C. §362 to that they could pursue foreclosure proceedings against 195 Henderson.

9.) On or about April 26, 2004 the Bankruptcy Court entered an order granting Countrywide Home Loans, Inc.'s Motion for Relief from the Automatic Stay for the sole purpose of enforcing their lien upon 195 Henderson.

10.) That on July 9, 2004, a discharge order was entered by the United States Bankruptcy Court for the Western District of New York which discharged the Plaintiff's debts, including their personal liability on the note and mortgage to Countrywide Home Loans, Inc.

11.) That on November 3, 2004, a Judgment of Foreclosure and Sale was issued allowing Countrywide Home Loans, Inc. to sell 195 Henderson at a foreclosure sale.

12.) That soon thereafter, Countrywide Home Loans, Inc. acquired 195 Henderson at the foreclosure sale, and a referee's deed formally transferring title to the premises to Countrywide Home Loans, Inc. was executed and filed with the Erie County Clerk's Office on or about January 26, 2005.

13.) That on or about February 8, 2005, Countrywide Home Loans, Inc. mailed Plaintiffs a Ten Day Notice to Quit the premises.

14.) That on or about March 1, 2005, Defendant mailed a Notice of Petition and Petition to Plaintiffs for holding over at the premises located at 195 Henderson Avenue, Tonawanda, New York. Said notice stated in two different locations that on behalf of Countrywide Home Loans, Inc., Defendants were seeking a judgment for attorney's fees, costs, interest and disbursements (A copy of said notice is annexed hereto as Exhibit "A").

15.) Plaintiffs received and read the Notice of Petition and Petition referenced herein on or about March 25, 2005.

16.) That in March of 2005, Defendant's employed a process server to serve the Notice of Petition and Petition upon Plaintiffs in accordance with New York law.

17.) That Defendants knew that under New York law, one method of perfecting service of

legal pleadings upon a defendant or a respondent is to affix the papers to the door of the last known residence of the defendant or respondent, and to then mail copies of said papers to said party thereafter.

18.)    That upon information and belief, Defendants did not provide the process server they employed with any instructions other than to serve the Notice of Petition and Petition in accordance with New York law.

19.)    That in accordance with Defendants instructions, the process server employed by Defendant affixed the Notice of Petition and Petition to the exterior door at 195 Henderson.

20.)    That neighbors and friends of Plaintiffs were able to view and did read the Notice of Petition and Petition affixed to the exterior door at 195 Henderson and, accordingly, became aware of Plaintiffs potential liability to Defendants.

21.)    That the several neighbors and friends who had read the Notice of Petition and Petition advised Plaintiffs that they had done so.

22.)    Defendants knew or should have known of the Plaintiffs' debt to Countrywide Home Loans, Inc. had been discharged in the Plaintiff's Chapter 7 bankruptcy case, and that therefore, Plaintiff's had no liability to pay attorneys fees, costs, interests or disbursements to Countrywide Home Loans, Inc.

23.)    As a result of the acts alleged above, Plaintiffs became upset, anxious, embarrassed, and suffered from emotional distress.

## V. CAUSE OF ACTION

18.)    Plaintiffs repeat and reallege and incorporate by reference paragraphs one through seventeen above.

19.)    Defendants' violations of the FDCPA include, but are not limited to, the following:

   A. The Notice of Petition and Petition sought to recover attorneys fees, costs, interest and disbursements from Plaintiffs that were not legally due to Countrywide Home Loans, Inc. As such, Defendants violated 15 U.S.C.§1692e (2)(A) by falsely representing the character, amount or legal status of the debt, by falsely representing in that document that attorney's fees, costs, interest and disbursements were legally due.

   B. Defendants violated 15 U.S.C.§1692e(2)(B) by falsely representing that Plaintiff was liable to pay for the attorneys fees Countrywide Home Loans, Inc. incurred in connection with the Notice of Petition and Petition proceedings.

   C. Defendants violated 15 U.S.C.§1692e(5) by threatening to obtain a judgment against Plaintiffs for attorney's fees, costs, interest and disbursements when such action could not be legally taken.

D. That the service of the Notice of Petition and Petition upon Plaintiff by Defendants was a false representation and deceptive means to attempt to collect the debt allegedly owed to Countrywide Home Loans, Inc. in violation of 15 U.S.C.§1692e(10).

E. Defendants violated 15 U.S.C.§1692f(1) by attempting to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

F. Defendants service of the Notice of Petition and Petition on Plaintiffs constituted a representation that Plaintiff owed all sums sought therein. As such, Defendant's violated 15 U.S.C.§1692f by using unfair and/or unconscionable means to attempt to a collect a debt that was not legally due.

G. That the affixing of the Notice of Petition and Petition to the exterior door of 195 Henderson was a communication with third parties in connection with the collection of the Plaintiffs alleged debt to Countrywide Home Loans, Inc. Defendants failure to provide specific instructions to the process server they employed to serve the Notice of Petition and Petition in a manner other than affixing it to the exterior door of 195 Henderson was a violation of 15 U.S.C.§1692c(b).

As a result of the Defendants' violations of the FDCPA, the Plaintiffs suffered actual damages, including emotional distress, and are also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendants for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: August 4, 2005

s/Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller1@adelphia.net

JUSTICE COURT OF TONAWANDA: COUNTY OF ERIE
-----------------------------------------------X
COUNTRYWIDE HOME LOANS, INC.,

                                    Petitioner/Landlord,

-against-

James J. Mullen - Occupant
Jennifer Mullen a/k/a Jennifer J. Mullen - Occupant
Jacqueline Baldwin - Occupant
"JOHN DOE" & "JANE DOE" - Occupants
195 Henderson Avenue
Tonawanda, New York 14217

                                      Respondent(s)/Occupants.

(First name of Tenant and/or Undertenant being fictitious
and unknown to Petitioner. Person intended being in
possession of the premises herein described.)*
-----------------------------------------------X

Landlord/Tenant Part

Index Number L&T

NOTICE OF PETITION
    HOLDOVER

To the Respondent(s) above-named described, in possession of the premises hereinafter described or claiming possession thereof;

    **PLEASE TAKE NOTICE**, that a hearing at which you must appear will be held at Justice Court of Tonawanda, County of Erie at 1835 Sheridan Drive, Buffalo, NY 14223, County of Erie, State of New York on March 29, 2005 at 6:00 o'clock in the afternoon of that day on the annexed Petition of Countrywide Home Loans, Inc., verified on March 1, 2005, which prays for a final judgment of eviction, awarding to the Petitioner possession of premises described as follows: consisting of all rooms, in the premises known as and located at: 195 Henderson Avenue, Tonawanda, NY 14217, in the County of Erie, as demanded in the Petition which you must answer.

    *****TAKE NOTICE**, also that demand is made in the Petition herein for a final judgment against you awarding possession of the premises to the Petitioner/Landlord; issuance of a warrant to remove respondents from possession thereof; judgment for the fair value of use and occupancy; interest from January 26, 2005 plus attorney's fees; and cost and disbursements herein.

    **TAKE NOTICE**, that your answer may set forth any defense or counterclaim you may have against the Petitioner unless such defense or counterclaim is precluded by law or prior agreement between the parties.

    **TAKE NOTICE**, that your answer may be made at the time of hearing specified above unless this Notice of Petition is served upon you on or before EIGHT (8) days prior to the return date in which event you must answer at least THREE (3) days before the Petition is noticed to be heard, either orally before the Clerk of the Court at his office or in writing by serving a copy thereof upon the undersigned attorney for the Petitioner, and by filing the original of such written answer with proof of service thereof in the office of the Clerk at least three (3) days before the time with Petition is noticed to be heard; in addition thereto, you must appear before the Court at the time and place herein above set forth for the hearing.

    **TAKE NOTICE**, also that if you fail to interpose and establish any defense that you may have to the allegations of the Petition, you maybe precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

    In the event of your failure to answer and appear, final judgment by default may be entered against you for the relief demanded in the Petition.

    **TAKE NOTICE**, that under §745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first Court appearance. Failure to comply with an initial deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated: Nassau, New York
       March 1, 2005

BY: _____
KATHLEEN E. NOLAN, ESQ.
POLLACK, COOPERMAN & FISHER, P.C.
Attorneys for Petitioner
5372 Merrick, Road, Suite 200
Massapequa, New York 11758
(516) 228-0033

L&T Index No.           2005
JUSTICE COURT OF TONAWANDA
COUNTY OF ERIE: LANDLORD/TENANT PART

COUNTRYWIDE HOME LOANS INC.,

                Petitioner/Landlord,

-against-

James J. Mullen - Occupant
Jennifer Mullen a/k/a Jennifer J. Mullen - Occupant
Jacqueline Baldwin - Occupant
"JOHN DOE" & "JANE DOE" - Occupants
195 Henderson Avenue
Tonawanda, New York 14217

                Respondent/Tenant

("JOHN DOE" & "JANE DOE", said names being fictitious and unknown to Petitioner, however, persons believed to be in possession of the premises herein described.)*

## NOTICE OF PETITION HOLDOVER

POLLACK, COOPERMAN & FISHER, P.C.
Attorneys for Petitioner
5372 Merrick Road, Suite 200
Massapequa, New York 11758-
(516) 228-0033

JUSTICE COURT OF TONAWANDA: COUNTY OF ERIE                                    Landlord/Tenant Part
----------------------------------------------------------------X
COUNTRYWIDE HOME LOANS, INC.,                                                 Index Number L&T
                                Petitioner/Landlord,
                                                                                                           **PETITION**
                                                                                                          **HOLDOVER**

- against -

James J. Mullen - Occupant
Jennifer Mullen a/k/a Jennifer J. Mullen - Occupant
Jacqueline Baldwin - Occupant
"JOHN DOE" & "JANE DOE" - Occupants
195 Henderson Avenue
Tonawanda, New York 14217


                                                                Respondent(s)/Occupants.
(First name of Tenant and/or Undertenant being fictitious
and unknown to Petitioner. Person intended being in
possession of the premises herein described.)*
----------------------------------------------------------------X
THE PETITION OF COUNTRYWIDE HOME LOANS INC.. respectfully shows that, upon information and belief:

1. Petitioner is Countrywide Home Loans Inc., and is Owner of the premises.
2. Respondent(s) James J. Mullen, Jennifer Mullen a/k/a Jennifer J. Mullen and Jacqueline Baldwin entered into possession by virtue of being either the prior owner or renter of the prior owner of the subject premises. Respondent(s) "JOHN DOE" & "JANE DOE" are Undertenants of the aforementioned Respondent(s).
3. The premises are described as follows: entire house, all rooms located at 195 Henderson Avenue, Tonawanda, NY 14217 which is situated within the territorial jurisdiction of the Justice Court of Tonawanda, County of Erie.
4. The term for which said premises were to be occupied by the Respondents expired on February 25, 2005, as a result of the following: The Petitioner is the new owner entitled to possession as the property was sold in foreclosure, with a certified copy of the deed and any subsequent transfer along with a Notice to Quit duly served and exhibited to Respondents. At least ten (10) days before the expiration of the said term, Respondents were served in a manner provided by law with a notice in writing, a copy of which with proof of service is thereto annexed and made a part of this Petition, that the owner elected to terminate the occupancy and that unless the said occupants removed from the said premises on the day on which said term expired, the owner would commence summary proceedings under the statute to remove occupants therefrom.
5. The Respondent(s) continue in possession of the premises without permission of the Landlord, or of the Petitioner, after the expiration of said term. This proceeding is brought pursuant to the provisions of RPAPL §713(5).
6. The apartment is not subject to the Emergency Tenant Protection Act of 1974 as amended, or the NYS Rent and Eviction Regulations, because, it is within a one family house which became vacant after April 1, 1953.
7. The premises are not a multiple dwelling.
8. Except for the premises being sought to be recovered in this proceeding, and the address in the annexed notices, petitioner lacks written information or notice of any address where the Respondent resides, is employed, has a place of business, has its principal office, place of business in New York State.
9. Petitioner requests a final judgment; awarding possession of the premises to the Petitioner-Landlord; issuance of a warrant to remove respondents from possession thereof; judgment for the fair value of use and occupancy; interest from January 26, 2005 plus attorney's fees, costs and disbursements herein.

Dated: Nassau, New York                                     **COUNTRYWIDE HOME LOANS, INC.**
       March 1, 2005                                                   PETITIONER/LANDLORD

STATE OF NEW YORK, COUNTY OF NASSAU
KATHLEEN E. NOLAN, ESQ., an attorney duly admitted to practice in the Courts of the State of New York affirms under the penalty of perjury; that she has heard/read said Petition and knows the contents thereof to be true except those matters therein stated upon information and belief and to those matters affiant's grounds for belief are statements or information supplied by landlord and/or its agents or employees. That the reason why this verification is not made by the landlord is that affiant is the attorney for the landlord herein and Section 741 of Real Property Actions and Proceedings Law & CPLR 3020 authorizes the making of this verification by the undersigned.

Dated: Nassau, New York                                                                          _/s/ Kathleen E. Nolan_
       March 1, 2005                                                                          KATHLEEN E. NOLAN, ESQ.

*Strike out if inapplicable. **Other grounds, etc., for removal; Notice under RPL Sec. 232(b).